Mr. Peretz, you're on video, can you hear us okay? I can hear you great, Your Honor. Thank you very much for allowing me to present my argument via Zoom. Okay, thank you. I was also going to ask you to make sure that your mute button was off, and you've already demonstrated that it is. Ms. Singh, you're first, I think. Good morning, Your Honors. May it please the Court, Rupa Singh on behalf of Andrea Hunsinger and her company, The Appellants. May I please reserve three minutes for rebuttal? Watch the clock, but I'll try to help you. Thank you so much. So Appellants are not unmindful that arbitration awards are viewed as almost sacrosanct, and that this Court is required to reverse them thoughtfully, carefully, and on a handful of limited grounds under the Federal Arbitration Act. But Appellants submit that this is that rare arbitration award that does meet the criteria for reversal on one of those handful of grounds, and that is that the arbitrator exceeded its power by manifestly disregarding the law, settled California law, on two grounds. Yes, Your Honor, were you about to? No, I'm going to say, tell me what parts of the award you think you're attacking on that ground. Okay, so it's both. It's the award, the enforcement of the contract, the breach of contract finding, the anticipatory repudiation finding, based on settled California law that says that you cannot solicit insurance in California. Okay, let's assume that I'm not impressed by that argument. What's your best manifest disregard argument, and what part of the case does it go to? That is one part. I understand. Right. I'm saying, I don't, I was hoping you would lead with the tort part of the case because that's the one, only part of the award I find troublesome. Okay. So. So. I'd be happy to go there right away. I mean, so the tort award, as the court knows, there's settled California law that says that conduct that amounts to breach of contract cannot be the subject of tort remedies. And so now here's my question, and let me say, let's assume that I agree with you, that the facts in this case were not sufficient to show torts. Yes. But I must tell you that my review of this record is that they were more than sufficient to show a breach of, a rather flagrant breach of contract. So, but let's assume that there was not enough to show a tort. Is that enough? We clearly can't reverse an arbitrator's award simply because the evidence was insufficient to support the award. So when do we move from that to manifest disregard, and how do I determine that? Right. And so it's not just that the evidence didn't support the commission of a tortious act. It's that as a matter of law, the conduct that amounts to breach of contract cannot be transformed into a tort. Well, but sometimes it can. Sometimes somebody can breach a contract and also engage in a tort. Right. And so, and I tend to agree with your position that in this case, if I were the arbitrator or reviewing the arbitrator in the normal course of our appellate review, I would say, no, these don't amount to torts. Ms. Hunzinger, at least taking the evidence in the light most favorable of the other side, behaved very, very badly, but she only behaved very, very badly in breaching the contract. So, but I'm still stuck on, it's nice to say the law doesn't support it, but what you're really saying is the facts of this case don't support it when the law is properly applied. And I'm trying to figure out why that amounts to manifest disregard. Help me there. Okay. So I'll point you to two things, and the first set of things has to do with two cases. They're cited in our papers. There's a Woods case, Woods versus Fox Broadcasting, and it says that there's, California courts recognize four types of interference claims, negligent and intentional interference with prospective economic advantage or existing and contractual rights. And here's where I would like to quote why this is a legal issue. It says, the evidence... No, I think it is a legal issue. I don't doubt it's a legal issue. Tell me why the arbitrator manifestly disregarded California law as opposed to just got it wrong. Right. Okay. So in Woods, the court says, the elements of those causes of action have been discussed in detail by many decisions, but only one element common to all four is relevant here, that a party to the plaintiff's contract cannot be liable under any of the four theories. So that's number one. It's not whether the facts lead you to conclude that somebody prospectively interfered. If you are a party to the contract of Mr. Gelman, indisputably was to the commission sharing agreement, you cannot be liable for negligent or intentional interference with prospective economic advantage. Okay. And again, so I'm saying, I tend to agree with you on that. I think that's the law. Right. What I'm trying to figure out, and I don't know the answer to this, so I need help from counsel, is when a mistake of law or a mistake of fact by an arbitrator crosses the line from simply getting it wrong, and I must tell you, half the lawyers in the world don't know that you can't tortiously interfere with your own contract. Right. Unfortunately, I teach torts, and it's very hard for people to understand that. When it crosses the line from a mistake, an error, into manifest disregard of the law, and that, see, I tend to view the latter on its face as a judge saying, I don't care what as opposed to, I misunderstand California law. Right. So help me with a case that tells me when something moves from error to manifest disregard. So it's hard, Judge, because obviously no respectable arbitrator is ever going to say on the record, I recognize this law, but I'm going to disregard it. Yeah, but we have found manifest disregard on some occasions, so tell me what case law that finds manifest disregard is useful to your side in this case. Well, I mean, the other point that I was going to make is that it's not sort of an issue of, an erroneous conclusion of law in this case might have been, so for example, whether parole evidence would have been allowed to interpret the contract that's fully integrated. That's an erroneous legal conclusion, evidentiary issues, application of the rules of evidence. When you have something that cannot create liability, I don't know that I can point you to a case that says, here's the thing that crosses you over the line. It just seems to me that when you have black letter law and you have an arbitrator that says, no, but I'm going to find liability where California law under which this agreement is, by which this agreement is controlled. Let me, this is what, you've gotten to the center of this case, I want to spend a little time talking about it with you. There's no doubt that the law was brought to the attention of the arbitrator. There's no doubt that the arbitrator looked at the law, he just got it wrong. And that's, and so that's, that's my difficulty is manifest disregard seems to me to require something wrong more than even clear error or plain error, but something else. And that's why I'm looking for a case that tells me what that something else is. There are cases that say when the arbitrator does not draw the award from the essence of the agreement and dispenses his own brand of industrial justice, that's when it's manifest disregard. So let me show you how that applies in this case, because all the findings by the arbitrator had to do with litigation misconduct. That's the second piece of the punitive damages, the tort damages, right, the $275,000 punitive damages award. And short of saying, I'm going to disregard California law, the way that the arbitrator made it clear that he was going to disregard California law is that he made findings on the record about Ms. Hunsinger's alleged spoliation of evidence. He made findings about how incensed he was, that she was, deleted texts, that she failed to produce allegedly texts, that she could not pay half of her share of the arbitration fees, that she essentially lied, her credibility was shot. Now you're saying he made findings that weren't supported by the record, and that's not a manifest disregard of the law. If I said that I misspoke, what I meant to suggest to you is that the other piece of having no tort liability for breach of contract is having no punitive damages for litigation misconduct. Well, but let me ask you a question about that. All the California cases you cite deal with litigation misconduct, correct? Not arbitration misconduct? Not an arbitration misconduct, and I, just doing research on my own, I found at least one district court decision by a different judge than the judge in this case in the central district imposing, imposing punitive damages for arbitration misconduct. So if, if there isn't a California case on point, and there's at least one case, even if it's wrong, the other way, how can we call that manifest disregard for the law? I'm not aware of that case, and I don't know that it was appealed, so I'm at a little bit of a disadvantage, but what I can... Well, we'll just start with the premise that all the California cases deal with litigation misconduct. I mean, there's not really a distinction that makes any sense, right? The arbitrator has the same powers as a, as a court to impose readily available sanctions for litigation or arbitration misconduct. And in this instance, the arbitrator did. He prohibited two witnesses from testifying after finding that Ms. Hunsinger allegedly conspired to prevent them from being deposed. And so the idea that there would be any difference between litigation misconduct and arbitration misconduct assumes that the... But is that a... The fact that an arbitrator thought there might be, is that manifest disregard for the law? I mean, it just sort of seems to me that there's never going to... I don't know that the arbitrator was counting on the fact. It was pointed out to him in the reply closing brief that there is... You're not allowed to punish a person for litigation misconduct by imposing punitive damages, but the arbitrator did not say, well, I can when it's arbitration and not litigation. He just doubled down. And what he tried to say is the fact that she deleted texts that had to do with their interactions back then meant that it showed contemporaneous tortious intent, which makes no sense because the deletion, spoliation of evidence always happens after the fact and always has to do with evidence that went to the underlying liability or the breach. He doubled down and he never articulated that the reason for his ability to impose punitive damages was because arbitration is somehow different. And I don't know that this court wants to say that something can be done in arbitration that's not allowed by California law in litigation because... That's not really the proposition. I mean, we have said, as you've acknowledged, a very high standard. Yes. And the Supreme Court makes sure that we set a very high standard for what constitutes manifest disregard. Yes. And what we have said are things like that the arbitrator recognized the applicable law and then ignored it. My problem here is you say, you talk in terms of what the arbitrator didn't tell us, but I didn't find anything and haven't heard anything that indicates just that standard being met. That is, where did the arbitrator acknowledge what the law is supposed to be or is and then went off and disregarded what he identified as the appropriate law? I mean, it wasn't that he then cited to a bunch of law and then said, I'm going to disregard it. It's that the parties in their closing brief specifically pointed him to law saying... That means our standard has to be that arguments were made to him that were correct and he disregarded them. And the Supreme Court will assure us that that could be said of our court on a regular basis. We hear arguments that somehow we're not sharp enough to figure out. That's not the same as manifest disregard. On this record, it is because of the types of statements that were made by the arbitrator. It's as close, Judge Horwitz, you were asking, where is the statement that says, I'm going to disregard this law? Well, this arbitrator didn't do it that way. Where's the statement that says he acknowledges what you say the law is, is in fact the law? I mean, it's... If he acknowledges the law and then in practice disregards it, I get that, but I'm waiting for the first half. Where has he acknowledged what you say the standard was supposed to be? He doesn't, but that in itself is a problem. Well, but it's not a problem that allows us to reverse him. He may be, and I don't know, he may have been entirely right in this case, but let's assume he's the worst arbitrator in the world. He doesn't understand tort law, he doesn't understand contract law, he doesn't understand anything. And you carefully explain tort and contract law to him, but he doesn't say, thank you, I know what the law is, I'm going to do something different. He just doesn't buy your arguments, incorrectly. What you're telling us is that's manifest disregard of the law. And what Judge Clifton might be suggesting, if I can rephrase this, it might be manifest disregard of your arguments, but I'm not sure it's manifest disregard of the law. I think that the distinction would be if my arguments were trying to push the envelope, and if I was trying to say to the court... I'm assuming you were entirely right. So let's assume you were entirely right in your arguments about the tort portion of this case. And the judge said, thank you very much, I listened carefully to you. I don't think you're right, so I'm going to rule the other way. Could we then say, well, he's manifestly disregarded the law? If my arguments were based on settled California Supreme Court and Court of Appeal law, and that's what governed? Yes, I think so, because let's take the other situation. Well, let's tell you what, you've used up your time, but we've used up your time, too. I'm going to give you some time for rebuttal. So unless you want to use your rebuttal time to deal with this... No, that's okay. I can wait. Thank you. Okay. Mr. Peretz. Hey, good morning, Your Honors. May I please the court, and again, I apologize for not appearing in person. I'm after a surgery and prohibited from flying, so I couldn't come down from San Francisco. So bear with me, Your Honors. I wish instead of just regurgitating what's in our opposition brief and what is in the district court decision to just address that focal point, what appears to be the focal point of the court. And let me focus you on this, because your brief tries to argue why the tort awards were legally okay. And I must tell you that if... Just like I'm not convinced by your opponent's contract arguments, I'm not convinced by your substantive tort arguments. So let's assume that there just is notorious conduct in this case. Is that enough for us to upset the arbitrator's award? Notorious conduct under settled California law? I don't believe so, with all due respect, Your Honor. And again, the court noted properly that under U.S. Supreme Law and under case law of the Ninth Circuit, that's not sufficient. That's not enough because, and I'm just quoting Espik or referring to Espik, the seminal court on this issue that came recently, 2019. Legal error or conclusion, legal conclusion that was made in error is not sufficient. Must be manifest disregard either our law or facts. So the two elements must be satisfied. So tell us, to respond to Judge Clifton's question, and I guess the one I've been trying to ask but not formulating as well as Judge Clifton, when do you get over the line? What is manifest disregard for the law and facts? Let's assume that the entire award in this case was just wrong, and there was no evidence to support it, and under California law, a really, a competent judge would have ruled the other way. Is that enough to establish manifest disregard? And if it's not, what is the standard for manifest disregard? I would say this, and I don't, I mean, I'd answer no, but I want to kind of build the argument a little bit to satisfy the court. I think the burden is not, I mean, obviously the burden is not on us to show manifest disregard, and I think you correctly stated, Your Honor, with all the respect, that arguments were made by both parties, and the arbitrator devoted the time and space in his decision to address the argument, and ultimately, rightly or not, accepted the arguments made by plaintiff, that all of the tort causes of actions were satisfied. We don't have just one. We have several. Yeah, and I'm asking you to assume that he was just dead wrong on that conclusion. We don't ask you to concede that, just assume that for this. Even if he was dead wrong, I can see situation when it wasn't manifest disregard, because manifest disregard is more than just error of law. It's more than just, I'm not taking the compilation of argument, legal conclusion, and facts presented by the defense or by the plaintiff. It needs to be more than that. It needs to be something to the effect, as you stated, listen, this is the law. I don't care what is the law. I don't interpret the law the way I want to interpret it. I'm just disregarding it. That must be manifest disregard. Otherwise, you open the floodgate that every arbitration case will be dealt as if it's a trial court decision with all the rights of appeal of the noble review of the law or facts that were not alleged before. It's opening the door to a slippery slope of turning the Ninth Circuit or any court of appeal in the country to effectively an appellate court on a trial. But that's not the case. That's not the case, and that's not the powers that Congress allow the courts to do. So even if, obviously, I disagree that that was, were to be the case, even if the arbitration, the arbitrator was wrong in his conclusion that any of the torts were satisfied or were proven by the plaintiff, the defense has a very, the defense or the respondent has a very high burden to show something else that indicates that the arbitrator went completely out of, was out to get them. Something that... Oh, but that's a different, there are four grounds on which these can be set aside, and we're focusing on the, I don't think anybody here is arguing the bias or prejudice one. If they are, it would escape me. Okay. What are the limits of manifest disregard? In other words, let's... It's not plain error, I don't think, because it's a higher standard than plain error. It's a higher standard than clear error. Is it a procedural test, as Judge Clifton suggested, that it may require the judge saying, the arbitrator saying, I know what the law is and I don't care, or is it something less than that? I think I'm with Judge Clifton. Well, sure, sure you are. Sure you are. I'm asking what the cases say. I don't think there is any case that specifically addresses a set of error in law. I have not seen of an error in law that was found in the underlining decision of the arbitrator and said that should be sufficient or insufficient for manifest disregard. Because all cases, and if you look at them from the perspective of 10,000 foot, all cases, what they say, there was some discussion over the law. It was within the bounds of this cause of action. It's not manifest disregard. What I surmise from that is that you literally have to have disregard of the law. Some affirmative showing by a party that the judge considered the argument and said, even though it may be applicable, I am not giving it to you. Let me change the facts on you a little bit. Let's focus on a mistake of fact for a moment. Let's assume Ms. Hunziker came to this arbitration and said, I paid him. Here's the receipt. It's signed by him. It's attested by a notary public. And he says, yeah, you're right. She paid me. And the judge says, I don't care. You seem like a bad. I don't care. I'm still going to award contract damages in the case. Would that be manifest disregard? And the judge said, I understand. I find, you know, I've heard what you said. But I'm going to find that you didn't pay him. Would that be manifest disregard of the facts? Most likely, manifest disregard of the facts. Most likely. I'm going to give you a caveat. We don't know what's the other facts. Yeah. I understand. Well, so now I go to this case. And at least with respect to the tortious interference claim, it's black letter law that a party to a contract can't tortiously interfere with his own contract. And the other side comes in and says, Judge, we've proved that she was a party to the contract. And he doesn't seem to disregard that fact. But he seems to disregard the law that she can't be held liable for tortiously interfering with her own contract. That's not enough in your view? It's not enough, Your Honor, because the facts of this case are not the same. First of all, it's one element and one tort. I understand. That's why I said in the beginning it's a hypothetical. I understand. I want to, but I want to have the court have a fovea, you know. And that argument was not, what if the argument was not well developed by the defense before the arbitrator? That's another issue we have, you know. It wasn't well developed. It was developed on appeal. And the arbitrator should not assume, you know, that a certain element was not satisfied. If it's not, it wasn't properly argued. Second, what the arbitrator says here is that the interference was with the Morris contract, with the Morris business relationship. The business relationship. Yeah, but my problem with that, my problem with that in this case is the only business relationship with Morris arose out of the contract. There's no, there are no damages from interfering with any other commission deal other than this one. And so it's hard for me on this record to think that there was some other tortious interference other than with paying the commission on the Morris contract. And that's a breach of contract. It's not a tortious interference. And I'll say, Your Honor, even if you were right, and I assume for the purposes of the to your right, Your Honor, this is clearly within the bounds of an error law in one element that doesn't constitute a, you know, complete disregard of the defense rights. Because complete disregard would have been, I know that there is, I mean, I know that this is the tort and I'm awarding it to the plaintiff in complete, irrespective of any facts of the defense presented to me. But that wasn't the case. The courts adjudicated the specific cause of action. Maybe he reached the wrong conclusion based on lack of argument of the parties. That's, you know, that's, that's, that, that not, that is not the type of misconduct that the FAA requires. It requires much more than that. It requires some affirmative showing of affirmative conduct of the arbitrator to go after someone and disregard any, the legal field. But that's not the case. So I know you were asking me, Your Honor. I'd shift, let me shift, let me shift the emphasis a little bit. I'm not sure that the arbitrator has to say on the record, I don't care or I'm out to screw somebody. I think the focus is whether the law was properly recognized and then disregarded. The disregard could be silent, but I keep looking at the front end. So I'd like to ask you to speak to whether anything in the record reflects the arbitrator, probably in his decisions, but anything in the record reflects the arbitrator recognizing or acknowledging what your colleague argues is the correct statement of law. And I'm taking it from your position that you don't think there is anything like that. But I want to focus on that part and less on the, the arbitrator has to say, I know what I'm doing and I'm doing it in disregard of the law. That, that's, for me, a bridge too far. I'm looking at the front half. So what's your position with regard to whether the arbitrator proper, recognized what the law was? I think, Yonah, I'll address it very simply. There is nothing in the record, meaning neither in the transcript of the arbitration, which is all fully before you, and the very detailed finding of, of the arbitrator that indicates what you're just saying, Yonah, because he, the arbitrator affirmatively discusses and handled each and every tort. And each and every argument of the respondent. And in neither, in neither one of them, not with any of the torts, does the arbitrator says directly or indirectly or impliedly that that's the position taken by the respondent, the legal position or the factual position as he's simply ignoring them or deciding in opposite of them. There's no such decision. Again, not just specifically in writing, but impliedly and with all the respect is for the respondent or the appellants here to show you any portion in the transcript or in the arbitration award that says or indicates impliedly that that legal conclusion was directly ignored by the arbitrator. There's no such thing and there's no such argument because it doesn't exist. I submit on this point unless, and we'll continue if the courts want me to continue. Well, before you, before you sit down, I want to make sure Judge Rawlinson doesn't have any questions for you. I do not. I don't think the panel has any further questions. Okay, so I'll submit to the records as it seems to be that our issues and the conclusion are articulated in the brief. Thank you, Your Honors. Thank you, counsel. Let's put two minutes on the clock for rebuttal. Thank you so much. I know this is very difficult because you're trying to draw a line and not helping. Neither one of us is being able to help you draw the line, but I think this is one of those instances where I go back to the fact that courts of appeal don't review reasons. They review conclusions. This is what gives you the authority generally. We're not a court of appeal for this purpose in terms of reviewing the arbitration award, and that's the difficulty. Understood. So why is it this one is so far off the mark that it's something that we should intervene? So let me give an example of where the arbitrator recognized the law, but then decided not to follow it. In the closing reply brief and then also when the interim award was issued, it was pointed out to the arbitrator that the conduct that amounts to breach of contract cannot be— It was pointed out to him. Right. That's not the same. Right, but then he modified the award, and it was also pointed out to him that the punitive damages award could not be granted without a hearing on ability to pay. He modified and issued the final award in which he doubled down and said, I don't have to conduct an inquiry about ability to pay because I can see from 2019 that Ms. Hunsinger had these commissions. Well, see, my difficulty with that is—and Judge Clifton, I want to pose this question to you, because Judge Clifton's question was a good one. I go through the award, and the arbitrator on each of these torts says, here are the elements of under-quoted California law, and here's why I find, as a matter of fact, these ones have been violated. And then the arbitrator even has a long section that says, I'm dealing with all of your objections, and here's why I turned them down. Can we really find that that's manifest disregard of the law and facts as opposed to just getting the law and facts wrong? I think so, because otherwise what you're saying is that if the arbitrator just summarizes the law incorrectly or incompletely, then it is not manifestly disregarding. That's what is what I'm saying. And one of the difficulties, and I pose this to arbitration cases all the time, you guys chose collectively not to go to a perfectly good and operating court system where there are learned judges and all sorts of protections. You decided to go to the arbitration stuff. And when you did so, you ran the risk that you would get a very bad arbitrator. Understood. And so my question is, is there more here taking a case in the light most favorable to you than a very bad arbitrator? Right. And the example that I wanted to give you is the punitive damages. In response to recognizing the law that the burden is actually on the party seeking punitive damages, the arbitrator excused that burden by saying there's evidence from two years ago, and then ignored the law that was cited to him that says no matter what, the inability, the failure of a finding of ability to pay raises constitutional doubts about the punitive damages award. Ignored that law and doubled down and said, I'm finding that the fact that there was evidence of the record, even though nobody made a showing of ability to pay, I'm finding that evidence from two years before the award was issued, even though circumstances have changed to the point that Ms. Hunsinger can no longer even afford 50% of her share of fees, I'm finding that that's enough. That's disregard of the law because he recognized the cases that said there is a burden and you have to show ability to pay. So this is not one of those instances, Your Honor. Now we've taken you well past your time, so if you could just sum up quickly. Okay. I just point you to all the vacateur cases in California law. I know you weren't very impressed with the solicitation argument, but I would just say that... I think you should rest on your brief on the contract case. Okay. The arbitrator actually found that the contract was not consummated in California and that it was signed in Nevada. And so that's why... Policy, you mean, right. Yeah. Okay. I just meant that when the interpretation of the contract is not plausible, that's where court is supposed to stop its inquiry. And here there are many instances where you can see that it is not a plausible interpretation of the contract to say that it was allowing for tortious relief when the parties themselves said no attorney's fees, no fiduciary relationship, and those were some of the grounds based on which the arbitrator found tortious relief. Thank you, counsel. Thank you so much. Thank you for indulging me with extra time. Appreciate your arguments. Appreciate arguments of Mr. Peretz by video. This case will be submitted. Thank you. And we'll move on to the last case on...
judges: RAWLINSON, CLIFTON, HURWITZ